IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK DOUGLAS, :
    Plaintiff :
 : No. 1:16-cv-01836
v. :
 : (Judge Kane)
MAJOR WESLEY E. NESBIT, et al., :
    Defendants :

**MEMORANDUM**

Before the Court is Plaintiff Mark Douglas' opposed motion for leave to file a second amended complaint, submitted together with a proposed amended pleading. (Doc. No. 17.) For the reasons provided herein, the Court will deny Plaintiff's motion for leave to file a second amended complaint and will close the case.

**I.  BACKGROUND**

Plaintiff Mark Douglas commenced this action on September 6, 2016 through the filing of a complaint against Defendants Major General Wesley E. Nesbit, Brigadier General Anthony J. Carrelli, and Deborah Nesbella, asserting claims of race and age discrimination in the context of his previous employment with the Pennsylvania Department of Military and Veterans Affairs as a unit clerk at the Hollidaysburg Veterans Home.[1] (Doc. No. 1.) On December 21, 2016, Plaintiff filed an amended two-count, six-page complaint.[2] (Doc. No. 6.)

---

[1] As noted by Defendants, this constituted Plaintiff's third attempt at litigating an action based on the underlying facts of this case. See Mark Douglas v. Dep't of Military & Veterans Affairs, et al., Doc. No. 1:14-cv-00297 (M.D. Pa. 2014); Mark Douglas v. Dep't of Military & Veterans Affairs, et al., Doc. No. 1:15-cv-01740 (M.D. Pa. 2015).

[2] Plaintiff amended the caption of his complaint to name Deborah Nesbella as a Defendant in her individual capacity.

1

In that amended complaint, Plaintiff alleged that on or about September 4, 2012, approximately six months into his employment as a unit clerk, "Defendant's agents met with Plaintiff in a pre-disciplinary conference," where he was provided with a number of employee evaluations, rating his work as "unsatisfactory." (Id.) Plaintiff asserted that, following this "pre-disciplinary conference," he was notified that he would be terminated from employment effective September 10, 2012 due to his "poor performance." (Id. at ¶ 8.) Plaintiff appeared to contest in his amended complaint that Defendants had failed to comply with certain disciplinary procedures prior to his termination.[3] (Id. at ¶ 9.) He further averred that "[o]ut of the five unit clerks in Plaintiff's department," Plaintiff was the only African American unit clerk employed at the Hollidaysburg Veterans home over the age of 50. Through his amended complaint, Plaintiff brought claims of race discrimination and age discrimination "in the form of wrongful discharge in violation of 42 U.S.C. § 1981 governing employment actions brought against state actors and 42 U.S.C. § 1981 governing employment actions through 42 U.S.C. § 1983." (Id. at ¶¶ 20, 28.)

Defendants Carrelli and Nesbella filed a motion to dismiss Plaintiff's amended complaint on December 22, 2016 (Doc. No. 8), which the Court granted in a Memorandum and Order entered on March 16, 2017 (Doc. Nos. 15, 16). In its March 16, 2017 Memorandum and Order, the Court: (1) sua sponte dismissed Defendant Nesbit for failure to serve process within 90 days of filing the complaint as required by Rule 4(m) of the Federal Rules of Civil Procedure; (2)

---

[3] Specifically, Plaintiff alleged as follows:

> Prior to the pre-disciplinary conference, Plaintiff was not given notice of any performance evaluations despite the fact that he was given a report that was purportedly his 90 day evaluation. The purported 90-day evaluation was not given to Plaintiff [n]or was he aware of the reports existence prior to a later grievance hearing held in January 2013.

(Id. at ¶ 9.)

2

granted Defendants' motion to dismiss the claims brought against Defendant Carrelli in his official capacity with prejudice on sovereign immunity grounds; (3) granted Defendants' motion to dismiss Plaintiff's claim of unlawful race discrimination under 42 U.S.C. § 1981 against Defendant Nesbella for failure to adequately plead facts demonstrating her personal involvement in the alleged acts of misconduct and for failure to allege facts from which a discriminatory animus on the part of Defendant Nesbella might be inferred; and (4) granted Defendants' motion to dismiss Plaintiff's claim of unlawful age discrimination under § 1981 as non-cognizable. Id. In granting Defendants' motion to dismiss, the Court, noting Plaintiff's request to further amend his operative pleading in his oppositional brief to Defendants' motion to dismiss, afforded Plaintiff a final opportunity to file a properly supported motion for leave to amend together with a proposed second amended complaint limited to asserting Plaintiff's age and race discrimination claims as against Defendant Nesbella, in accordance with Local Rule 15.1(a).

Pursuant to the Court's directive, on April 17, 2017, Plaintiff filed the instant motion for leave to file a second amended complaint, appending to his motion a proposed amended pleading to facilitate the Court's review of his claims. (Doc. No. 17.) On May 4, 2017, Defendant Nesbella filed a brief in opposition to Plaintiff's motion for leave to file a second amended complaint. (Doc. No. 18.) No reply brief has been filed. See L.R. 7.7 ("A brief in reply to matters argued in a brief in opposition may be filed by the moving party within fourteen (14) days after service of the brief in opposition."). Accordingly, this matter is now ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) embodies a liberal approach to amendment of pleadings, instructing that a "court should freely give leave [to amend a pleading] when justice

3

so requires." Fed. R. Civ. P. 15(a)(2); see Foman v. Davis, 371 U.S. 178, 182 (1962) ("[T]his mandate is to be heeded."). Indeed, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006). Among the grounds that may justify a court's denial of leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Forman, 371 U.S. at 182. A pleading will be deemed futile if, as amended, it fails to state a claim upon which relief may be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."). In assessing "futility," a court applies the standard of legal sufficiency set forth under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The legal standards governing pleading practice in federal court have shifted to a "more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To avoid dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when evaluating the sufficiency of a complaint's allegations as tested against a Rule 12(b)(6) motion: (1) identify the elements a plaintiff must plead to state a claim; (2) discard any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In evaluating whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all factual allegations in the complaint, and construe all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss," Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997), and must disregard any "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. Additionally, a court may not assume that a plaintiff can prove facts that the plaintiff has not alleged. Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In deciding a Rule 12(b)(6) motion, the court may consider, in addition to the facts alleged on the face of the complaint, any exhibits attached to the complaint, "any matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters

of public record." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (citation and quotation marks omitted).

III. DISCUSSION

By his motion, Plaintiff moves for leave to add Kelly Smith,[4] Assistant Director of Nursing for Hollidaysburg Veterans Home, as a named defendant in this action, and to supplement his race and age discrimination claims with additional factual allegations. (Doc. No. 17.) Accompanying his motion is a proposed two-count second amended complaint, totaling seven pages in length. (Doc. No. 17-1.) Defendant Deborah Nesbella, in opposition to Plaintiff's motion for leave to file a second amended complaint, argues that Plaintiff has failed to cure the pleading deficiencies previously identified by the Court in its March 16, 2017 Memorandum and Order as to his race and age discrimination claims. (Doc. No. 18.) Thus, Defendant Nesbella urges the Court to deny Plaintiff leave to further amend his pleading on the grounds that permitting him to do so would be futile. (Id. at 5.) The Court addresses the propriety of Plaintiff's proposed amendments in turn.[5]

---

[4] While Plaintiff refers to this individual as "Kelly Smith" throughout his motion for leave to amend and his proposed amended pleading, the caption of the proposed second amended complaint identifies this individual as "Kelly Smitt." (See Doc. No. 17-1 at 1.)

[5] As mentioned above, Plaintiff requests leave to amend his operative pleading to name Kelly Smith as an additional Defendant. Plaintiff represents that Kelly Smith will not be unfairly prejudiced by having to defend in this action should this Court permit Plaintiff to add her as a named party-Defendant, as she received timely notice of the pendency of this action and "will likely be represented by the Office of the Attorney General of Pennsylvania, as were all previous defendants." (Doc. No. 17 at 1-2.) Although Plaintiff does not refer to the relevant federal rule applicable to the instant request in his motion papers, it is clear that Plaintiff is propounding an argument under Federal Rule of Civil Procedure 15(c). Federal Rule of Civil Procedure 15(c) controls whether a litigant may add a party-defendant after the applicable statute of limitations has run on the claim. Fed. R. Civ. P. 15(c). While it appears to this Court that Plaintiff has failed to satisfy the prerequisites of the relation-back doctrine under Federal Rule 15(c) as is required to add Kelly Smith as a named defendant, it declines to address this matter, as the Court finds that Plaintiff has failed to state claims of race and discrimination against Kelly Smith.

A. COUNT I- RACE DISCRIMINATION

Count I of Plaintiff's proposed second amended complaint asserts a claim of unlawful race discrimination "in the form of wrongful discharge in violation of 42 U.S.C. § 1981 governing employment actions brought against state actors and 42 U.S.C. § 1981 governing employment actions through 42 U.S.C. § 1983." (Doc. No. 17-1 ¶ 27.) To state a prima facie case of race discrimination under Section 1981, a plaintiff must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence as to each of the following elements: "(1) plaintiff is a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) defendant's discrimination concerned one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." Suero v. Motorworld Auto. Grp., Inc., No. 3:16-CV-00686, 2017 WL 413005, at *6 (M.D. Pa. Jan. 31, 2017) (citing Brown v. Philip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001)).

Accepting as true the averments in the proposed second amended complaint, and viewing all reasonable inferences drawn therefrom in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a plausible claim of intentional race discrimination under Section 1981. Specifically, sprinkled throughout the proposed second amended complaint are the following allegations germane to Plaintiff's Section 1981 race discrimination claim:

> 6. On or about March 12, 2012 Plaintiff was hired by Defendant or [a] person she was responsible for as a[ ] Unit Clerk . . . .
>
> 7. On or about September 4, 2012 Defendant[ ] Deborah Nesbella[ ] and/or her agents met with Plaintiff in a pre-disciplinary conference in which Plaintiff was given employee evaluations in which his work was characterized as unsatisfactory.
>
> * * *

11. After the pre-disciplinary conference, Plaintiff was notified that his employment would be terminated effective September 10, 2012 for "poor performance."

* * *

16. Out of the five unit clerks in Plaintiff's department Plaintiff was the only black unit clerk employed at the Hollidaysburg Veterans Home.

* * *

19. Plaintiff's protected class is race (black)[.]

* * *

21. The reason Defendant's agent's cited for terminating Plaintiff, "poor performance[,]" was a pretext for discrimination.

22. In support of its reason for terminating Plaintiff, the Hol[l]idaysburg Veterans Home[ ] supplied several statements by employees complaining of Plaintiff. The statements were all dated after the pre-disciplinary conference and were prepared by nursing aides and others not in Plaintiff's chain of command.

* * *

16. Plaintiff believes and therefore avers that Defendant's actions were due to Plaintiff's protected class of his race of African American.

(Doc. No. 17-1 at 2-5.)

Noticeably absent from the proposed second amended complaint are plausible allegations of the circumstances surrounding Plaintiff's employment and subsequent discharge that would permit the Court to draw a reasonable inference that racial animus motivated the adverse employment action of which Plaintiff now complains. Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 390 (1982) (noting that Section 1981 does not proscribe "practices that [are] neutral on their face, and even neutral in terms of intent"); Gross v. R.T. Reynolds, Inc., 487 F. App'x 711, 716 (3d Cir. 2012) ("While the [a]mended [c]omplaint alleges an abundance of wrongdoing by [defendant] and its employees, it fails to allege any facts

supporting the conclusion that those acts were motivated by discrimination on the basis of race. Instead, it alleges a series of unfortunate events and then states, in conclusory fashion, that the reason for those events is that [defendant] harbored discriminatory animus towards [plaintiff].").

Indeed, despite having previously been advised of this pleading deficiency in the Court's March 16, 2017 Memorandum and Order, Plaintiff continues to advance a claim of race discrimination premised on nothing more than mere speculation that the adverse employment decision was motivated by racial animus. Flagg v. Control Data, 806 F. Supp. 1218, 1223 (E.D.Pa.1992), aff'd, 998 F.2d 1002 (3d Cir. 1993) ("Conclusory allegations of generalized racial bias do not establish discriminatory intent."). Plaintiff's bald assertion of discrimination—"unsupported by any meaningful comments, actions, or examples of similarly-situated persons outside of Plaintiff's protected class being treated differently"—is simply insufficient to withstand a motion to dismiss. Fouche v. St. Charles Hosp., 64 F. Supp. 3d 452, 457 (E.D.N.Y. 2014); see Wilkins v. Bozzuto & Assocs., Inc., No. CIV. 09-2581, 2009 WL 4756381, at *2 (E.D. Pa. Dec. 10, 2009) (denying plaintiff leave to amend his race discrimination claim on the grounds that "[p]laintiff does not record one incident in which employees of other races were treated differently, or an occasion in which his new supervisor expressed or displayed racial bias"). Accordingly, because the proposed second amended complaint retains the same pleading defects recognized by the Court in its review of Count I of Plaintiffs amended complaint, the Court will deny Plaintiff's motion for leave to amend as it relates to his claim of race discrimination under Section 1981, as it finds that any attempted additional amendment of this claim would be futile.

B.     COUNT II- AGE DISCRIMINATION

9

Count II of Plaintiff's proposed second amended complaint sets forth a claim of unlawful age discrimination "in the form of wrongful discharge in violation of 42 U.S.C. § 1981 governing employment actions brought against state actors and 42 U.S.C. § 1981 governing employment actions through 42 U.S.C. § 1983." (Doc. No. 17-1 ¶ 5.)

Curiously, the allegations forming the basis of Plaintiff's proposed claim of age discrimination are identical to the averments contained in Count II of the currently operative amended complaint. As this Court explained in its March 16, 2017 Memorandum and Order dismissing Count II of Plaintiff's amended complaint, Sections 1981 and 1983—the statutes upon which Plaintiff relies to assert his age-based discrimination claim—do not support a cause of action for discrimination on the basis of age. The exclusive federal remedy for claims of age discrimination in employment is the Age Discrimination in Employment Act ("ADEA"). Hildebrand v. Allegheny Cty., 757 F.3d 99, 108 (3d Cir. 2014) ("[W]e join with the majority of Courts of Appeals in concluding that Congress intended the ADEA to be the exclusive remedy for claims of age discrimination in employment."). Notwithstanding the Court's reasoned dismissal of Count II of Plaintiff's amended complaint, Plaintiff did not avail himself of the opportunity to amend Count II, opting instead to stand on his non-cognizable claim of age discrimination in his proposed second amended complaint. Accordingly, the Court will deny Plaintiff's motion for leave to amend as it relates to Count II of Plaintiff's proposed second amended complaint for failure to state a cognizable age discrimination claim under the ADEA.

## IV.  CONCLUSION

In light of the foregoing, and noting that this proposed second amended complaint reflects Plaintiff's fifth unsuccessful attempt at pursuing claims of race and age discrimination arising out of the same set of operative facts, the Court finds that the exercise of its discretion in

this context calls for the denial of Plaintiff's motion for leave to file a second amended complaint, as Plaintiff has failed to state a claim upon which relief can be granted. (Doc. No. 17.) An Order consistent with this Memorandum follows.